## Beedle *v.* Hilldale Mining Company, Appellant.

*Mines and mining—Coal lease—Judgment in ejectment—Opening judgment.*

Where a mining lease provides that if a lessee shall not pay the royalties provided in the lease for a period of twenty days after they become due or pay taxes and insurance premiums within twenty days after they become due, a judgment in ejectment may be entered, the court will not open a judgment entered under the lease, where it appears that the lessees were in default in the payment of royalties and in the payment of taxes and insurance premiums for many months after such royalties, taxes and insurance premiums were due.

Argued Oct. 23, 1902.   Appeal, No. 29, Oct. T., 1901, by defendant, from order of C. P. Washington Co., Nov. T., 1899, No. 129, discharging rule to open judgment in case of Evan Beedle et al. v. Hilldale Mining Company.   Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.   Affirmed.

Rule to open judgment.

From the record it appeared that on March 17, 1898, plaintiffs leased to defendant a coal mine.   The lease provided that the lessees should pay certain royalties and also taxes and premiums on insurance, and that in case of a default in these payments for a period of twenty days after the same should become due and payable, the lessors should have a right to cancel and annul the agreement, and might enter judgment under an ejectment clause contained in the lease.   The record showed that the lessees failed to make the payments above provided for, and after a default of several months the plaintiffs entered judgment under the ejectment clause.   The court after hearing evidence upon a rule to open judgment discharged the rule.

*Error assigned* was the order of the court.

*W. I. Craig,* with him *William E. Fulton* and *Alex. M. Templeton,* for appellant.

*T. F. Birch,* for appellee.

PER CURIAM, November 10, 1902:

The finding that the defendant was in default under its agreement, and that it had failed to established any equitable ground for relief against the judgment entered is fully warranted by the testimony.

The decree of the court is affirmed.